## The Lessee of MARTIN FORD vs. JOHN HAYS and MARGARET SUTTON, Tenants in possession.

*The lineal warranty of tenant in tail, in possession, descending with assets of equal value to the heir in tail, bars him from claiming the lands warranted.*

WRIT of Error to the justices of the Supreme Court.

This was an ejectment for —— acres of land in Kent county, called "Jones' fancy."

William Ford the grandfather of the lessor of the plff., being seized of the lands in question, by his will duly executed, bearing date the 15th August, 1771, devised the same to his son Daniel Ford, "to him and his heirs of his body lawfully begotten, or assigns." William Ford died seized, and Daniel Ford entered under this devise; and, on the 25th Nov. 1784, conveyed the land by deed of bargain and sale to John Harrington, his heirs and assigns forever, with the usual covenant of warranty against himself and his heirs, and all persons claiming through or under him or them. This deed was made before the passing of an act of assembly for docking estates tail. The deed was made to Harrington for a money consideration, but it effected an exchange of Jones' fancy by Daniel Ford, with the heirs of William Ford, Jr., his brother, for certain other property of equal value, devised by old William Ford, to his son William Ford, Jr., who died intestate and without issue. The exchange was thus effected. Daniel Ford conveyed to Harrington, who paid the consideration, according to the recital of the deed, to the heirs of William Ford, Jr.; and these heirs, to wit: Thomas Ford and wife, Martin Ford and wife, and William Downs and wife, in consideration thereof, conveyed to Daniel Ford the lands so devised by William Ford, Sen., to William Ford, Jr., which had by his death descended to them. Martin Ford, the lessor of the plff., is the oldest son of Daniel Ford and is now the owner, by descent, of the lands so conveyed to his father. Margaret Sutton, one of the defts., was the daughter of Rebecca, one of the children of old William Ford; but she showed no title in herself except the presumption arising from a possession of more than thirty years. The other deft. was her tenant, or in by her permission. At the trial she proved that the lands acquired by Daniel Ford of the heirs of William Ford, Jr., in exchange for Jones'

fancy, were of equal value with that tract; that he died intestate and that lands of equal value descended from him to the lessor of the plff.

Exceptions were taken to the charge of the court below; and the case came up and was argued here by *Bates* for plff. in error and *Ridgely* for deft., in error.    All the judges were present, but *Harrington* did not sit, having, as Chief Justice of the late Supreme Court, delivered the charge excepted to.

JOHNS, JR., *Chancellor*, delivered the opinion of this court.    After stating the case, he said:

"In this cause, which has been fully argued and discussed by the counsel at bar, although several questions have been presented, the court do not intend to express any opinion except as to the point embraced in the 7th and 8th exceptions: this course we adopt because we consider this the only question material to the determination of the cause, and as we have all come to one conclusion on this point, the others are in consequence thereof, rendered immaterial.

The seventh exception is to that part of the charge of the court below, which declared to the jurors that the lineal warranty of tenant in tail in possession, descending with assets of equal value to the heir in tail, bars and estops such heir from claiming the lands so warranted by his ancestor.    The eighth exception is, 'for that the said justices charged the said jurors in such manner and by such words, as to convey to the said jurors, the opinion that the said warranty contained in the aforesaid deed from Daniel Ford to John Harrington, was the lineal warranty of tenant in tail in possession, descending to the heir in tail, and left the said jury under that impression; whereas, the said justices should have charged the said jurors as to the character and effect of that particular warranty.' "

That part of the charge referred to in the seventh and eighth exceptions, was in the following words:

"The only remaining point in the defence which the court have to consider, is the effect of the warranty contained in the deed from Daniel Ford to John Harrington.    The deft's. counsel contend that this covenant of warranty, descending on Martin Ford the plff., with lands of equal value descended from the warranting ancestor, shall bar him from claiming these lands in opposition to the deed of his father.    The court have no doubt that at common law, if tenant in tail in possession conveyed his estate tail, with warranty, this warranty shall bind his heir in tail, provided assets descend to that heir from the warranting ancestor of equal value, but not otherwise.    But it is contended on the part of the plff. that this law is only applicable to feoffments and other conveyances at common law, and not to conveyances operating under the statute of uses, such as a deed of bargain and sale.*    In reply to this the deft's. counsel refer to our Act of Assembly, 1 *Del. Laws*, 221, *sec.* 4, under which they contend that a deed of bargain and sale has in all respects, the same operation in this state as a feoffment in England.    This question has hereto-

---

* Sed vide. *Co. Litt. H. & But. notes, note* 284.    A bargain and sale *with warranty* may work a discontinuance.    So a release, covenant to stand seized, &c.    See also, *Littleton*, sections 598-9, 600 *and* 601.

fore been agitated in the courts of this state, and the same distinction has been taken, but we are not aware that there has ever been a decision of it. The language of our Act of Assembly in regard to the operation of deeds of bargain and sale is very comprehensive. It declares that all deeds and conveyances made, &c., 'shall be of the same force and effect here, for the giving possession and seizen, and make good the title and assurance of the lands, tenements and hereditaments, as deeds of feoffment with livery of seizin, or deeds enrolled in any of the king's Courts of Record at Westminster, are or shall be in that part of Great Britain called England.' In 2 *Yeates*, 509, there is a case of ejectment in which one of the defences set up was the warranty of the plff's. ancestor, contained in a deed of bargain and sale, with assets descended to the heir, which was insisted upon as a bar to the plff's. claim; to which he replied this same distinction between conveyances at common law, and those taking effect under the statute of uses. But the court decided that the plff. was barred. The question in the case of the *Lessee of Fisher and Caton* vs. *Raymond, et al.*, which has been referred to, was very different from the question here. That was a case of the alienation of tenant for life with warranty of herself and husband; and the question was, whether the remainderman was bound by the warranty of tenant for life; and this depended upon the question, whether the statute of *4th and 5th Ann, ch.* 16, was in force in this state. That statute declares that no such warranty shall bind the remainderman, and the court having decided that that statute *was* in force in this state, the defence was of course abandoned. (This was a decision of the Supreme Court, *Ch. Jus. Johns* presiding. The provisions of 4 and 5 Ann, ch. 16, have since been expressly enacted by Stat. *Dig.* 53.) Upon the whole, the court are of opinion that the lineal warranty of a tenant in tail in possession, descending with assets of equal value to the heir in tail, bars and estops such heir from claiming the lands so warranted by his ancestor.' "

If the deed of bargain and sale from Daniel Ford to John Harrington, dated November 25th, 1784, containing a special warranty upon his death leaving assets of equal value to descend to his heir, bars the estate tail, or estops the heir in tail, then the title of the lessor of the plff. is destroyed, and there is an end to the present action. In considering this question the court recognize the law to be as laid down in 2 *Blac. Com.* 301, that a lineal warranty by tenant in tail descending with assets is a bar to the issue in tail: and that tenant in tail in possession, without the forms of a fine and recovery may in some cases, make a good conveyance in fee simple by superadding a warranty to his grant; which, if accompanied with assets, bars his own issue. We therefore do consider that the deed of bargain and sale with warranty, dated the 25th Nov., 1784, executed by Daniel Ford, the tenant in tail in possession, conveying the land and premises to John Harrington, his heirs and assigns, (the same having been acknowledged and recorded) did, by reason of the heir in tail having by descent from the grantor his ancestor real assets of equal value, bar and estop the heir, whose right of entry being thereby taken away, he cannot upon any principle maintain his action of ejectment.

We, therefore, are of opinion the court below did not err in their

charge to the jury, upon the point as stated in the appellants' seventh and eighth exceptions; and that the judgment in the court below must be affirmed with costs." 2 *Blac. Com.* 116, 203; *Shep. Touch.* 188; 4 *Cruise* 435, *lit.* 32, *ch.* 24, *s.* 25; 1 *ditto* 110; 4 *do.* 439; *Litt.* 712; 2 *Co. Litt.* 373; 2 *Harr. & M'H.* 418 441 *Pink. Arg't.*; 2 *Burr.* 704, 715: 3 *Co. Litt.* 330 *a*; 1 *Del. Laws,* 221; *Digest* 53.

Judgment affirmed.